UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSE CAMPBELL, III,<br><br>        Plaintiff,<br>v.<br><br>ANGEL QUIROS, SCOTT SEMPLE, WILLIAM MULLIGAN, WARDEN FANEUFF, GREGORIO ROBLES, CHERYL CAPELAK, AND MONICA RINALDI,<br><br>        Defendants. | 3:17-cv-946(CSH)<br><br>May 21, 2018 |

## ORDER AMENDING INITIAL REVIEW ORDER [Doc. 12]

**HAIGHT,** Senior District Judge:

      This Court, by its Initial Review Order ("IRO") [Doc. 12], completed pursuant to 28 U.S.C. § 1915a, allowed certain of the constitutional civil rights claims made by *pro se* Plaintiff Jesse Campbell III in his Complaint [Doc. 1] to move forward against all Defendants, in their individual and official capacities. On April 19, 2018, the Court entered, *sua sponte*, an Order [Doc. 23] directing the Parties to respond as to the impact of Plaintiff's resentencing[1] on this matter. Familiarity with the IRO and the April 19 Order is assumed.

---

    [1] On April 18, 2018, Plaintiff was resentenced to life in prison, without the possibility of release, by Superior Court Judge Edward J. Mullarkey. *See, e.g.,* Nicholas Rondinone, *Death Row Inmate Jessie Campbell Resentenced to Life in Prison Without Possibility of Release*, Hartford Courant, Apr. 18, 2018. Prior to his resentencing, Plaintiff was one of the dwindling number of Connecticut inmates serving under sentence of death. His resentencing was pursuant to the Connecticut Supreme Court's 2015 prohibition of the death penalty. *See State v. Peeler*, 321 Conn. 375 (Conn. 2016); *State v. Santiago*, 318 Conn. 1 (Conn. 2015).

Plaintiff and Defendants have filed responses[2] regarding the impact of the resentencing, and I will now evaluate the effect of Plaintiff's resentencing on his claims in this Court. *See* Pl. Resp., Doc. 26; Defs.' Am. Resp., Doc. 28.

Plaintiff represents that his resentencing has mooted two aspects of his claims: 1) his Fourteenth Amendment due process claim as to the *continued* application of the out-of-cell restraint policy on his person, because, following resentencing, that policy is not longer applied to him; and 2) his Fourteenth Amendment equal protection claim as to the imposition of the out-of-cell restraint policy on the class of death row prisoners who have yet to be resentenced, because, following his resentencing, he is no longer a member of that class. *See* Pl.'s Resp. at 4, 6.

"Defendants agree with Plaintiff that his Fourteenth Amendment equal protection claim as to the imposition of the out-of-cell restraint policy on the class of death row prisoners who have yet to be resentenced is moot."[3] Defs.' Am. Resp. at 2. Additionally, Defendants assert that:

> Plaintiff's resentencing also has the effect of rendering moot his claim for prospective relief arising from his equal protection claim related to employment. Since plaintiff is no longer a member of the class of death row inmates, no equal protection claim based on membership in that class can form the basis of prospective relief.

---

[2] On May 11, 2018 Defendants filed an Amended Response [Doc. 28], representing that their initial Response [Doc. 27] of May 10, 2018, was filed in error. This Order disregards the erroneous filing and refers only to Defendants' Amended Response.

[3] Defendants go further, to assert that Plaintiff's equal protection claim as to the out-of-cell restraint policy was "mooted" *prior* to his resentencing by purported policy changes at Northern Correctional Institution. They support this claim with a variety of exhibits. *See* Defs.' Resp. at 2-3; Decl. of Def. Robles, Exs. 1-4. Such argument and purported evidence, extrinsic to the pleadings, lie well beyond the scope of my Order of April 19, 2018, and I give these arguments and exhibits no weight or consideration at this time.

*Id.* at 3. Defendants represent that "Plaintiff's resentencing does not otherwise directly impact the remaining claims."[4] *Id.* at 6.

Defendants' Amended Response mis-characterizes Plaintiff's equal protection claim as to access to prison employment. *Prior* to Plaintiff's resentencing, this Court found:

> As to access to prison employment, Campbell *does not* state a plausible claim for a class-based equal protection violation against the purported class of death row prisoners who have yet to be resentenced. . . . Where both resentenced former death row inmates (Peeler, Cobb, and Reynolds) and an inmate still awaiting resentencing (Rizzo) have been afforded the employment Plaintiff claims to have been denied, there is no plausible claim that the alleged denial is based on Plaintiff's membership in the class of death row inmates awaiting resentencing.

IRO, Doc. 12, at 10-11 (emphasis added). However, Plaintiff *did* state an equal protection claim as to denial of prison employment, on a class-of-one theory. *Id.* at 12-13.

Under a class-of-one theory, a plaintiff must allege that "she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The plaintiff must allege an "extremely high degree of similarity" with the person to whom he is comparing himself. *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (citation omitted). "Generally, whether parties are

---

[4] Defendants' Amended Response does address the validity of Plaintiff's due process employment claim, arguing that the legislative history of Conn. Gen. Stat. § 18-10a "undermines Plaintiff's due process claim related to 'employment' since the statute does not give rise to a state created liberty interest in a paying job." Defs.' Am. Resp. at 5. However, as Defendants themselves note, this argument "goes beyond th[e] limited scope" of the Court's instant, *sua sponte*, inquiry into the effects of Plaintiff's intervening resentencing on the claims stated by his Complaint. *Id.* I therefore defer any consideration of this argument until it may be raised in a procedurally proper manner.

3

similarly situated is a fact-intensive inquiry." *Id.* (citing *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n. 2 (2d Cir. 2001).

This Court's IRO concluded that Plaintiff had adequately stated an equal protection claim on a class-of-one theory, based, in part, on a comparison to death row inmate Todd Joseph Rizzo, who, like Plaintiff (at that time), had yet to be resentenced. IRO at 10-13.

Plaintiff's post-resentencing Response argues that:

> The Plaintiff's resentencing has not affected his Fourteenth Amendment equal protection claim [as to lack of employment] because the Plaintiff has been sentenced, and placed on life with special circumstances where former death row prisoners Richard Reynolds and Daniel Webb have jobs (Richard Reynolds is the barber and Daniel Webb is the librarian)[.] Plaintiff doesn't have a job even though there are janitor/tierman jobs available[.] But the Plaintiff is denied when he request[s] to have a job.

Pl.'s Resp. at 6.

Reading these new factual allegations alongside Plaintiff's Complaint, the Court finds that Plaintiff's resentencing has not, as a matter of law, mooted his equal protection claim as to lack of employment, on a class-of-one theory. Now that Plaintiff has been resentenced, and is serving life without the possibility of release, his fellow resentenced inmates Reynolds and Webb are as similar to Plaintiff as death row inmate Rizzo was similar to Plaintiff before Plaintiff's resentencing. Substituting Reynolds and Webb for Rizzo, as the now-relevant compartors, the remainder of the Court's analysis of Plaintiff's equal protection employment claim, as stated in the IRO, still holds. Defendants' argument to the contrary – that Plaintiff's exclusion from the class of death row prisoners awaiting resentencing moots his equal protection employment claim – is unavailing, because Plaintiff's equal protection claim as to lack of employment was never based upon his membership in the class of death row prisoners who have yet to be resentenced.

Having reviewed the IRO in light of these most recent filings, I find that Plaintiff's intervening April 18, 2018 resentencing has MOOTED two aspects of his claims before this Court: 1) his Fourteenth Amendment due process claim as to the *continued* application of the out-of-cell restraint policy on his person; and 2) his Fourteenth Amendment equal protection claim as to the imposition of the out-of-cell restraint policy on the class of death row prisoners who have yet to be resentenced. Because Plaintiff no longer has standing to bring those two claims, I hereby AMEND the IRO [Doc. 12] to omit those mooted claims.

Pursuant to the IRO and 28 U.S.C. § 1915a, Plaintiff's remaining claims will move forward. Those claims are as follows: (1) a Fourteenth Amendment equal protection claim as to Plaintiff's lack of employment on a class-of-one theory; (2) a Fourteenth Amendment due process claim as to the initial imposition of the out-of-cell restraint policy on Plaintiff; and (3) a Fourteenth Amendment due process claim as to the loss of Plaintiff's job and continued denial of employment to Plaintiff.

It is SO ORDERED.

Dated: New Haven, Connecticut
       May 21, 2018

                                              */s/ Charles S. Haight, Jr.*
                                              Charles S. Haight, Jr.
                                              Senior United States District Judge